# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **GEORGE RODGERS, JR.,** | : | CIVIL ACTION NO. 1:09-CV-1376 |
| **Petitioner** | : | (Judge Conner) |
| v. | : | |
| **WARDEN HOLT,** | : | |
| **Respondent** | : | |

## **MEMORANDUM**

Presently before the court is a petition for writ of habeas corpus (Doc. 1) pursuant to 28 U.S.C. § 2241, in which George Rodgers, Jr. ("petitioner") alleges that the Federal Bureau of Prisons ("BOP") incorrectly computed his federal sentence. The petition will be granted and the BOP will be directed to recompute petitioner's sentence as outlined below.

## **I.     Background**

On January 14, 2004, petitioner was sentenced in the Superior Court of New Jersey to five years imprisonment for possession with intent to distribute cocaine. (Doc. 9-2, at 24.) On July 2, 2004, he was sentenced in the Superior Court of New Jersey to seven years imprisonment for burglary and criminal attempt/theft of property. (Id. at 23)

On December 8, 2004, while serving his New Jersey sentences, he pled guilty to two counts of bank robbery in violation of 18 U.S.C. § 2113(a) in the United States District Court for the District of New Jersey. (Id. at 42.) During the sentencing

1

hearing, it was determined that the appropriate guideline range was 151 to 188 months. The following exchange took place during imposition of the sentence:

> THE COURT: I'm going to impose 180 months. I will provide that he serve a sentence beginning at the state facility where he is now which would essentially mean it is concurrent to the state sentence that he is serving.
>
> I haven't heard any position, by the way, by the government with regard to giving him any credit for the time served since July 26. Is the government taking a position in that connection?
>
> MR CHILLEMI: We're taking no position, your honor.
>
> THE COURT: I will provide him with credit since July 26th, 2004. He obviously would have been detained on this offense had he not been in state custody and I will give him the credit for that which is apparently eight months at this point. . . .
>
> Pursuant to the Sentencing Reform Act of 1984, it is the judgment of the Court that the defendant is hereby committed to the custody of the Bureau of Prisons to be imprisoned for a term of 180 months on each count to be served concurrently.
>
> The Court recommends that the Bureau of Prisons designate Riverfront State Prison to be the place of service of this sentence, thereby making this sentence concurrent with the defendant's imprisonment pursuant to the judgment in Docket Number 03-05-1735 and 04-03-1175.
>
> I will also provide in there that the Bureau of Prisons give him credit for the time being served in state custody since July 26, 2004.

(Doc. 9-3, at 31-33.) The "Judgment in a Criminal Case" reflects the total term of imprisonment of "180 months, on each count one and two, to be served concurrently" and includes the following recommendation:

> The Court recommends that the BOP designate Riverfront State Prison to be the place of service of this sentence, thereby making this sentence concurrent with the defendant's imprisonment pursuant to the judgment in docket numbers 03-05-1735 and 04-03-1175. The Court recommends

> that the defendant be given credit for time served in State custody since July 26, 2004.

(Doc. 9-2, at 43.)

At the conclusion of his sentencing hearing, petitioner was returned to the custody of the State of New Jersey. He was released from the state charges on June 10, 2008, at which time federal authorities assumed primary custody. He received prior custody credit pursuant to 18 U.S.C. § 3585(b) for three days, January 2, 2004, January 12, 2004, and January 13, 2004, none of which were applied to his state court sentence. (Doc. 9-2, Declaration of J.R. Johnson ("Johnson Decl.") at 6, ¶ 13.) He was not given credit for the time period of July 26, 2004, to the date of imposition of the sentence.

## II.    Discussion

A petition for writ for habeas corpus under § 2241 is the proper vehicle for relief "where the petitioner challenges the effects of events 'subsequent' to his sentence," Gomori v. Arnold, 533 F.2d 871, 874 (3d Cir. 1976), and where he challenges the execution of his sentence rather than its validity. See United States v. Addonizio, 442 U.S. 178, 185-88 (1979); Coady v. Vaughn, 251 F.3d 480, 485 (3d Cir. 2001). Thus, petitioner has properly invoked section 2241 to challenge the determination of sentencing credit by the BOP and has done so in the proper district, where he is imprisoned. Barden v. Keohane, 921 F.2d 476, 478-79 (3d Cir. 1990).

The Attorney General is responsible for computing federal sentences for all offenses committed after November 1, 1987, United States v. Wilson, 503 U.S. 329 (1992), 18 U.S.C. § 3585, and the Attorney General has delegated this authority to the Director of the Bureau of Prisons. 28 C.F.R. § 0.96 (1992). Computation of a federal sentence is governed by 18 U.S.C. § 3585, and consists of the following two-step process: (1) a determination of the date on which the federal sentence commences and, (2) consideration of any credit to which petitioner may be entitled.

Section 3585(a) governs the commencement of service of a federal sentence and provides that a sentence commences "on the date the defendant is received in custody awaiting transportation to, or arrives voluntarily to commence service of sentence at, the official detention facility at which the sentence is to be served." 18 U.S.C. § 3585(a). Credit for time served is governed by 18 U.S.C. § 3585(b). This section provides the following:

> A defendant shall be given credit toward the service of a term of imprisonment for any time he has spent in official detention prior to the date the sentence commences - -
>
> (1) as a result of the offense for which the sentence was imposed; or
>
> (2) as a result of any other charge for which the defendant was arrested after the commission of the offense for which the sentence was imposed;
>
> that has not been credited against another sentence.

Id. Thus, under § 3585(b), prior custody credit cannot be granted if the prisoner has received credit toward another sentence. "Congress made clear that a defendant could not receive double credit for his detention time." United States v. Wilson, 503

U.S. 329, 337 (1992). Although he was awarded prior custody credits for January 2, 2004, January 12, 2004, January 13, 2004, the BOP declined to award credit for the time period from July 26, 2004 through March 18, 2005, because he was serving his non-federal state sentence during this time and any grant of prior custody credit would constitute a double credit contrary to 18 U.S.C. § 3585(b).

Petitioner does not dispute the prior credit he has been awarded pursuant to § 3585(b). Rather, he is seeking to have the BOP recompute his federal sentence in accordance with section 5G1.3(c) of the United States Sentencing Guidelines ("U.S.S.G.") to include the time period from July 26, 2004, through March 18, 2005. (Doc. 1, pp. 2-3, Doc. 10, at 1.) Federal law, specifically, 18 U.S.C. § 3584 and section 5G1.3 of the United States Sentencing Guidelines ("U.S.S.G."), allows a sentencing court to award a concurrent sentence to a defendant who is subject to an undischarged term of imprisonment. Section 5G1.3 endeavors to coordinate the sentencing process "with an eye toward having such punishments approximate the total penalty that would have been imposed had the sentences for the different offenses been imposed at the same time (*i.e.*, had all of the offenses been prosecuted in a single proceeding)." Wilson, 503 U.S. at 404-05.

The sentencing court's authority under §5G1.3(c) to "adjust" a sentence is distinct from the BOP's authority under 18 U.S.C. §3585(b) to "credit" a sentence, even though the benefit to the defendant may be the same.[1] Ruggiano v. Reish, 307 F.3d 121, 131-33 (3d Cir. 2002). In Ruggiano, the court held that in imposing a sentence, a district court may grant an "adjustment" for time served on a pre-existing sentence pursuant to U.S.S.G. §5G1.3(c). Id. To determine the credit intended, "the appropriate starting point is to ascertain the meaning that we should ascribe to the sentencing court's directives." Rios v. Wiley, 201 F.3d at 264 (3d Cir. 2000). When there is an ambiguity between the oral pronouncement of sentence and the written sentence, the court may recognize that the oral sentence "often consists of spontaneous remarks" that are "addressed primarily to the case at hand and are unlikely to be a perfect or complete statement of the surrounding law." Ruggiano, 307 F.3d at 133 (quoting Rios, 201 F.3d 257, 268 (3d Cir. 2000). It is

---

[1] "A federal court's authority to order that terms of imprisonment imposed at different times shall run concurrently is limited to cases in which the federal term of imprisonment is imposed on a defendant who is already subject to an undischarged term of imprisonment. 18 U.S.C. § 3584(a). Under U.S.S.G. § 5G1.3(c), the court may impose a sentence "to run concurrently, partially concurrently, or consecutively to the prior undischarged term of imprisonment to achieve a reasonable punishment for the instant offense." U.S.S.G. § 5G1.3(c). Further, under U.S.S.G. § 5G1.3(b), a concurrent sentence is mandatory and shall be imposed to run concurrently to an undischarged sentence when "the undischarged term of imprisonment resulted from offense(s) that have been fully taken into account in the determination of the offense level for the instant offense." U.S.S.G. § 5G1.3(b)." Escribano v. Schultz, Civ. No. 07-3204 (RBK), 2009 WL 3230833, at * 1 (D. N.J. Oct. 1, 2009)

6

therefore essential to consider the context in which the statement is made. Id. at 134.

In the matter *sub judice*, during the sentencing hearing, the federal sentencing court expressed a clear intent to adjust petitioner's sentence and make it retroactively concurrent with his non-federal sentence for the time period from July 26, 2004, through March 18, 2005. This intent is further evidenced by the language of the criminal judgment in which the court recommended "that the BOP designate Riverfront State Prison to be the place of service of this sentence, thereby making this sentence concurrent with the defendant's imprisonment pursuant to the judgment in docket numbers 03-05-1735 and 04-03-1175. The Court recommends that the defendant be given credit for time served in State custody since July 26, 2004." While neither "retroactively concurrent" nor "5G1.3(c)" was referred to or relied upon, the statements made in the sentencing transcript and the criminal judgment amounted to a directive that petitioner's sentence be retroactively concurrent and adjusted pursuant to §5G1.3(c). Consequently, the petition for writ of habeas corpus will be granted and the BOP will be directed to recompute petitioner's federal sentence to account for the time period of July 26, 2004, to March 18, 2005.[2]

---

[2] According to the BOP Inmate Locator, petitioner has a projected release date of April 9, 2018. See http://www.bop.gov/iloc2/LocateInmate.jsp

An appropriate order will issue.

                                                     S/ Christopher C. Conner
                                                     CHRISTOPHER C. CONNER
                                                     United States District Judge

Dated:        June 2, 2010

# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **GEORGE RODGERS, JR.**, | : | CIVIL ACTION NO. 1:09-CV-1376 |
| Petitioner | : | (Judge Conner) |
| v. | : | |
| **WARDEN HOLT**, | : | |
| Respondent | : | |

## **ORDER**

AND NOW, this 2nd day of June, 2010, upon consideration of the petition for writ of habeas corpus (Doc. 1), it is hereby ORDERED that:

1. The petition for writ of habeas corpus is GRANTED.

2. The Bureau of Prisons is directed to forthwith recompute petitioner's sentence to account for the federal sentencing judge's 5G1.3(c) United States Sentencing Guidelines adjustment of time from July 26, 2004, until March 18, 2005, and file a notice with the court.

3. The Clerk of Court is directed to CLOSE this case.

                                              S/ Christopher C. Conner
                                              CHRISTOPHER C. CONNER
                                              United States District Judge